UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICKEY BARNES (#119466)

VERSUS                                            CIVIL ACTION

JANE DOE, ET AL                                   NUMBER 14-157-BAJ-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, July 4, 2014.

                                      STEPHEN C. RIEDLINGER
                                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICKEY BARNES (#119466)

VERSUS                                          CIVIL ACTION

JANE DOE, ET AL                                 NUMBER 14-157-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against unidentified mail room personnel at the state penitentiary and two unidentified deputy clerks. Plaintiff alleged that the defendants interfered with his access to courts in violation of his constitutional rights.

Section 1915(g) of Title 28 of the United States Code provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit Court of Appeals held that: (1) section 1915(g) applies to cases pending on the effective date of the statute; and,

(2) a suit dismissed prior to the effective date of the statute on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, is considered within the ambit of the "three strikes" provision of section 1915(g). Dismissals as frivolous in the district courts or the court of appeals count for the purposes of the statute. *Id*. Dismissals include only those for which appeal has been exhausted or waived. *Id*. However, dismissals later reversed are not to be counted as a strike. *Id*. By contrast, the frivolous appeal of a lower court's dismissal as frivolous counts twice. *Id*.

Plaintiff did not pay the filing fee or file a motion to proceed in forma pauperis when he filed his complaint. Because the plaintiff, on three prior occasions, while incarcerated, brought an action in federal court that was dismissed as frivolous or for failure to state a claim, on March 30,2014 he was ordered to pay the full filing fee within 21 days.[1] Plaintiff moved for an extension of time to pay the full filing fee; his motion was denied on April 16, 2014.[2]

A review of the record showed that more than 21 days has elapsed since the plaintiff was denied an extension of time. Despite clear notice that he must pay the full filing fee and ample time to do so, the plaintiff has failed to pay the filing fee.

---

[1] Record document number 2.

[2] Record document numbers 3 and 4, respectively.

Therefore, the plaintiff's § 1983 complaint should be dismissed without prejudice.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's § 1983 complaint be dismissed without prejudice for failure to pay the filing fee.

Baton Rouge, Louisiana, July 4, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE